COLONIZERS' REALTY CO. OF BROOKLYN v. SHATZKIN et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

CORPORATIONS (§ 314*)—AGENTS.

Where stockholders of a corporation acted as its committee to purchase certain land, and induced it to purchase the land without disclosing that they were to share in the profits, they were liable to the corporation for the profits they thus made.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1397; Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Louis B. Boudin, for appellant.

Stone & Chugerman, for respondent.

GAYNOR, J. This complaint is a monstrosity of useless verbiage. It covers over sixteen pages of the record, but could easily be reduced to one. It is almost impossible to ascertain from its perusal what it is about, or what cause of action the learned pleader had in his head. With painful scrutiny, pen in hand, this much, here a little and there a little, passing by all sorts of irrelevancies, absurdities and crudities, may be got together, viz.:

It is alleged that five of the defendants, viz., Shatzkin, Braunstein, Sicklick, Goldberg and Korn, entered into a conspiracy to get control of real estate by contracts of purchase in the name of persons acting for them as their figureheads or dummies, and then form a corporation of which they were to be "active members or stockholders," and induce it to purchase the said lands or contracts of such figureheads or dummies, without disclosing "that they were acting other than as such stockholders, and without disclosing that they were interested in said land in any manner," and then receive "the secret profit" of such transaction. This is all founded on the erroneous notion in the pleader's head that a stockholder of a corporation occupies a position of trust to the corporation. Next it is alleged that one Soper made a contract of sale of 34 acres of land to the defendants Steinfeld and Jaffe at $1,100 an acre. They are accused of nothing. Next it is alleged that four of the five defendants first above named (this demurrant being the one omitted) induced the defendant Londoner to make a contract of purchase of the said land of the said defendants Steinfeld and Jaffe at $2,000 an acre by telling him that if he made such purchase they would procure him a customer at a large profit, two thirds of which, however, he would have to give to them, and this was agreed to. Nothing is alleged against the said Londoner. He was a genuine purchaser. He is alleged, however, to have been the "unconscious dummy" of the said four defendants, whatever is meant by that. Next it is alleged that all of the said five defendants had a secret agreement with the said Steinfeld and Jaffe that they were to have $600 an acre out of the said contract price with Londoner. There is no allegation that they were Londoner's agents in the sale, so that they had a right to be in with the sellers, Steinfeld and Jaffe. But even if they cozened Londoner, that is none of the plaintiff's business. Next it is alleged that thereafter the plaintiff was organized as a corporation, i. e., incorporated, that the said defendants were "particularly active" in so organizing it, that it

was organized "through their instrumentality and activity," and that three of them who are named (this demurrant not being one of them) subscribed the certificate of incorporation and were named therein as directors with others for the first year. There is no allegation that they qualified or served as directors, or that they were such in the subsequent transactions complained of. It is next alleged that the said five defendants, after being appointed with others a committee by the plaintiff to consider the purchase of the said land, induced the plaintiff to purchase of the said Londoner for $2,000 his contract of purchase thereof, by representing to it that the price of $2,000 an acre named in his contract was "low and reasonable." There is no allegation that that was not true. The previous allegation of what the market price was when Steinfeld and Jaffe purchased cannot be taken as an allegation of what such price was when the plaintiff purchased two months or more later. It is alleged, however, that they failed to disclose that they were to get a part of the price to be paid to Steinfeld and Jaffe by Londoner as hereinbefore stated; and it is also alleged that they stated that the land was dry land whereas they knew it was wet land—an allegation of no relevancy, as the action is to make them account for the profit they made, and pay the same to the plaintiff. There is no allegation that the plaintiff was deceived or defrauded in respect of the quality of the land or its value. They were under no obligation to reveal that they were to get a part of the price to be paid by Londoner to Steinfeld and Jaffe. That was of no concern to the plaintiff. It was simply buying of Londoner, and he was obliged to pay the $2,000 an acre to Steinfeld and Jaffe, and the said defendants were entitled to their share thereof, whether the plaintiff purchased or not. The plaintiff was not paying the said defendants their share or profit on the sale from Steinfeld and Jaffe to Londoner. They were entitled to that if Londoner never sold the property, or his contract therefor. It is next alleged that the said five defendants kept a large part of the sum paid by the plaintiff to Londoner for his contract, it being given to them by the plaintiff to pay to him, "and divided the same among them as secret profits upon said sale pursuant to their conspiracy and agreement aforesaid." The agreement of four of them with Londoner (not including this demurrant), when they induced him to purchase, is alleged to be, as has already been stated, that they would get him a purchaser for a profit, for which he was to pay them two thirds of such profit. His profit was, as has been seen, $2,000. It was undoubtedly illegal for the said four defendants to act on a committee for the plaintiff for the purchase of the land of Londoner, or his contract therefor, and induce the plaintiff to make a purchase of such contract, without disclosing that they were interested in the sale, i e., were to share in the profits, and they are liable to the plaintiff for the amount of gain they thus made. This demurrant is not alleged to have been a party to such agreement, but it is alleged that he received and kept a share of such profit, which alone makes him liable therefor to the plaintiff. The complaint states no other cause of action, and it is only with great difficulty that this one can be dug out of it, i. e., the sharing of the said five defendants in Londoner's profit of $2,000.

It may be that the plaintiff has a larger cause of action. If so, it

should get a proper complaint drawn, i. e., that the said defendants, being its trustees or agents, induced it to pay over $2,000 an acre for land the market price of which to their knowledge was only $1,000 an acre, and took from the vendor and shared among themselves the difference; leaving the evidence thereof to be produced at the trial, instead of encumbering the complaint with it and other verbiage, to the bewilderment and vexation of every one, including the pleader.

The judgment has to be affirmed.

Interlocutory judgment affirmed, with costs. All concur.